UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10204
_____

CHRISTINA MAE ROMAINE
f/k/a CHRISTINA MAE MUNDY,

Plaintiff-Appellant,

versus

CHARTER MEDICAL CORPORATION
and CHARTER-PROVO SCHOOL, INC.,
d/b/a PROVO CANYON SCHOOL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:95-CV-542-A)
_____

April 30, 1997

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellant Romaine sued Charter Medical Corporation and
Charter-Provo School, Inc. d/b/a Provo Canyon School in June, 1995,
for claims arising from her treatment there between June, 1988 and
June, 1989.  The case was removed to federal court, and the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

district court dismissed because the Texas two-year statute of limitations had run. In so doing, the court rejected Romaine's assertion that limitations has been tolled by one or more of the following events: (1) her legal disability by reason of unsound mind, Texas Civ. P. and Rem. Code § 16.001; (2) the applicability of the discovery rule; and (3) fraudulent concealment or duress perpetrated by defendants. The court also overruled Romaine's contention that application of the Texas two-year statute to her claims is a violation of the Open Courts provision of the Texas Constitution. On motion for reconsideration, the court refused to consider two affidavits offered by Romaine, considered one additional affidavit and then determined that the motion and new affidavit failed to raise a genuine issue of material fact. Romaine timely appealed.

In general, we endorse the district court's reasons for enforcing the statute of limitations defense. Contrary to Romaine's view, she bore the burden under Texas law to present evidence creating a genuine issue of fact as to all elements of at least one of her tolling theories. See Weaver v. Witt, 561 S.W.2d 792, 794 n.2 (Tex. 1977). She failed to carry that burden.

First, Texas law is not so elastic as to permit a finding that Romaine was of "unsound mind" throughout the period from 1989 to 1995 when she finally filed suit. The tolling provision is designed to protect persons without access to the courts and those

2

who are unable to participate in, control, or understand the progression and disposition of their lawsuit. <u>Ruiz v. Conoco</u>, 868 S.W.2d 752, 755 (Tex. 1993). <u>See also</u>, <u>Helton v. Clements</u>, 832 F.2d 332 (5th Cir. 1987). While Romaine's mental problems have interfered with her personal life and occasionally required hospitalization, evidence shows that she was able to discontinue her medication during pregnancy, that she consulted with counsel in her divorce proceedings and that she sought counsel more than a year before filing suit against Charter.

Second, the discovery rule is not convincingly raised by Romaine, because her affidavit testimony does not explain why she was unable with the exercise of due diligence to discover the nature of her injuries allegedly caused by the school until within two years of filing suit. Her inconsistent, unclear statements do not raise a genuine issue of material fact on this issue. <u>Moreno v. Sterling Drug, Inc.</u>, 787 S.W.2d 348, 351 (Tex. 1990).

Third, the duress and fraudulent concealment grounds for tolling the statute of limitations are unavailing. Romaine does not explain how Charter could have exercised duress against her for the six years after she left the school. Further, fraudulent concealment only applies where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs. <u>Borderlon v. Peck</u>, 661 S.W.2d 907, 908 (Tex. 1993). Under Texas law, a doctor's duty to

3

make disclosures to his patient ends with the termination of the physician-patient relationship. Thames v. Dennizan, 821 S.W.2d 380, 384 (Tex. Ct. App. 1991). In the absence of evidence to the contrary, Charter's obligation to disclose and ability to coerce effectively ended with the end of Romaine's hospitalization in 1989.

Fourth, the claim based on the Texas Constitutional provision guaranteeing "open courts" is meritless, as the Texas limitations doctrines assure a reasonable opportunity of access to the courts. Rose v. Doctors Hospital, 801 S.W.2d 841, 843 (Tex. 1990); Nelson v. Drusen, 678 S.W.2d 918, 923 (Tex. 1984).

Finally, the district court did not abuse its discretion either in refusing to consider Romaine's and her doctor's supplemental affidavits filed with her motion for rehearing or in denying the motion. Lavespere v. Niagra Machine & Tool Works, Inc., 919 F.2d 167, 173-74 (5th Cir. 1990), cert. denied, 114 S.Ct. 171 (1993).

**AFFIRMED.**